UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD TODD KINKEADE, | No.1:17-CV-00170-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 14. Attorney Christopher H. Dellert represents Richard Todd Kinkeade (Plaintiff); Special Assistant United States Attorney Michael S. Howard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion

ORDER GRANTING PLAINTIFF'S MOTION . . . . - 1

for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on April 11, 2013, Tr. 231, alleging disability since January 31, 2012, Tr. 188, 190, due to a back condition, general anxiety disorder, bipolar disorder, essential tremor, left leg nerve damage, high blood pressure, agoraphobia, social phobia, and a cholesterol condition, Tr. 235. The applications were denied initially and upon reconsideration. Tr. 145-49, 153-59. Administrative Law Judge (ALJ) Caroline Siderius held a hearing on August 11, 2015 and heard testimony from Plaintiff, psychological expert, Thomas McKnight, Ph.D., and vocational expert, Jeffrey Tittelfitz. Tr. 38-92. The ALJ issued an unfavorable decision on September 16, 2015. Tr. 10-22. The Appeals Council denied review on March 20, 2017. Tr. 1-4. The ALJ's September 16, 2015 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 22, 2017. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 48 years old at the alleged date of onset. Tr. 188. He completed three years of college in 1985. Tr. 236. His work history includes the jobs driver/machine operator, manual laborer, and real estate appraiser. Tr. 236, 251. Plaintiff reported that he stopped working on October 15, 2012 due to his conditions, but had made changes to his work activities because of his conditions as early as January 1, 2001. Tr. 236.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§

404.1520(a)(4), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 16, 2015, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 31, 2012, the alleged date of onset. Tr. 12.

At step two, the ALJ determined Plaintiff had the following severe impairments: "degenerative disc disease, and mental impairments described as panic disorder and mood disorder." Tr. 13.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 13.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform light work with the following limitations:

> the claimant can lift 20 pounds occasionally and 10 pounds frequently; can sit up to six hours per day; can stand or walk up to four hours per day; would need to be able to change positions once an hour for up to five minutes, with no need to leave the workstation; cannot climb ladders, ropes, or scaffolds; could occasionally climb stairs and ramps; occasionally crawl, kneel, and crouch; no work at unprotected heights; and no operating heavy machinery. The claimant is also limited to simple, repetitive, up to three-step tasks, with no detailed work; could have superficial, brief contact with the general public and co-workers; capable of only ordinary production requirements; would need to work

in a low-stress work environment; and would work better with things rather than people.

Tr. 15. The ALJ identified Plaintiff's past relevant work as landscape laborer and real estate appraiser and concluded that Plaintiff was not able to perform this past relevant work. Tr. 20.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the job of small products assembler II. Tr. 21. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from January 31, 2012, through the date of the ALJ's decision. Tr. 22.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical source opinions and (2) failing to properly address Plaintiff's symptom statements.

## DISCUSSION

### 1. Medical Opinions

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by examining psychologist John Arnold, Ph.D. and nonexamining psychologist Thomas McKnight, Ph.D. ECF No. 13 at 3-9

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more

weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### A. John Arnold, Ph.D.

On March 13, 2013, Dr. Arnold completed a Psychological/Psychiatric Evaluation form for the Washington Department of Social and Health Services (DSHS). Tr. 577-83. He diagnosed Plaintiff with social phobia, rule out insomnia, panic disorder with agoraphobia, alcohol abuse in sustained full remission, and paranoid personality features. Tr. 577. He provided the following residual functional capacity statement:

> Todd is capable of understanding and carrying out instructions. He can only concentrate for short periods of time. Todd can complete tasks without close supervision and not disrupting others. He would work best in positions that have minimal interaction with others. He can use the bus for transportation. He can recognize hazards and take appropriate precautions.

Tr. 578.

Dr. Arnold evaluated Plaintiff again on January 29, 2015 for DSHS and completed a Psychological/Psychiatric Evaluation form. Tr. 585-89. He diagnosed Plaintiff with alcohol use disorder in full remission, panic disorder with agoraphobia, major depressive disorder, rule out somatoform disorder, and personality disorder with avoidant features. Tr. 586. He opined that Plaintiff had a marked limitation in five basic work activities and a moderate limitation in six basic work activities. Tr. 587.

The ALJ gave partial weight to the opinions, stating that he gave significant weight to the objective findings based on his mental examinations, but that "the overall evidence shows a longitudinal picture of lesser limitation than those opined by Dr. Arnold, who did not have a treating relationship with the claimant. Thus the overall record supports lesser limitations, as described in the residual functional limitation, and supported by the overall evidence, as discussed herein." Tr. 19. This was the end of the ALJ's discussion weighing Dr. Arnold's opinions. *Id*.

Dr. Arnold is an examining psychologist; therefore, the ALJ was required provide at least specific and legitimate reasons for rejecting his opinions. *Lester*, 81 F.3d at 830-31. The ALJ's minimal discussion and simple assertion that "the overall evidence shows a longitudinal picture of lesser limitation than those opined by Dr. Arnold" fails to meet this standard. The ALJ failed to state what opined limitations were found to be inconsistent with the longitudinal record and how these opined limitations were inconsistent with the longitudinal record. The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22.

Defendant asserts that Plaintiff failed to actually challenge the weight the ALJ gave Dr. Arnold's opinion and, instead, Plaintiff simply asserted that Dr. Arnold was entitled to more weight than Dr. McKnight. ECF No. 14 at 7. While

Plaintiff's briefing mainly focused on reasons why Dr. McKnight's opinion should not have been given controlling weight, Plaintiff did argue that the ALJ's reasoning for rejecting Dr. Arnold's opinion failed to meet the specific and legitimate standard. ECF No. 13 at 5. This Court agrees. Therefore, the case is remanded for the ALJ to readdress Dr. Arnold's opinions.

### B. Thomas McKnight, Ph.D.

Dr. McKnight testified at Plaintiff's August 11, 2015 hearing. Tr. 42-54. He had reviewed the record through exhibit 20F. Tr. 42. He diagnosed Plaintiff with a mood disorder secondary to medical-related issues that is not additive to the difficulty Plaintiff is having. Tr. 50. He then provided his opinion as to the "B Criteria" of Listing 12.02, stating that objective evidence supported a finding of mild limitation in restriction of activities of daily living, mild difficulty in maintaining social functioning, mild difficulties in mainlining concentration, persistence, and pace, and no episodes of decompensation. Tr. 50-51. Dr. McKnight failed to provide a residual functional capacity opinion at the hearing. Tr. 42-54. The ALJ gave this opinion "great weight" while rejecting the limitations opined by Dr. Arnold, who examined Plaintiff. Tr. 19.

The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831, *citing Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). However, the opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record. *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31. The Ninth Circuit has upheld the rejection of an examining or treating physician based, on part, on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, *citing Magallanes*, 881 F.2d at, 751-55 (reliance on imaging

results, contrary reports from examining physicians, and testimony from the claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Here, the ALJ's failure to provide legally sufficient reasons to reject the limitations opined by Dr. Arnold means that Dr. McKnight's opinion alone is insufficient to support the ALJ's treatment of Dr. Arnold's opinions and, as a result, the residual functional capacity determination of the ALJ.

Furthermore, Dr. McKnight's opinion did not address Plaintiff's residual functional capacity and instead focused on Plaintiff's ratings under the B Criteria of Listing 12.02. "The adjudicator must remember that the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC [residual functional capacity] assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." S.S.R. 96-8p. Therefore, Dr. McKnight's opinion is only applicable to steps two and three and not to the residual functional capacity determination.

Therefore, upon remand, the ALJ will readdress the opinion of Dr. McKnight in terms of S.S.R. 96-8p and call a new psychological expert to testify regarding Plaintiff's mental residual functional capacity.

 2.     **Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's finding that his symptom statements were less than fully credible. ECF No. 13 at 9-13.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are

insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff' symptom statements to be less than fully credible concerning the intensity, persistence, and limiting effects of his symptoms. Tr. 16. The ALJ reasoned that Plaintiff was less than fully credible because (1) his symptom statements were not supported by the objective medical evidence (2) his symptom statements were inconsistent with his reported activities, and (3) his symptom statements were not supported by his conservative treatment. Tr. 16-18.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to address the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements is necessary.

**3.    Step Five**

Plaintiff appeared to make a step five challenge, asserting that "[t]he ALJ also erred in failing to obtain an explanation for the inconsistency between the vocational expert's testimony that Plaintiff could perform the job of small parts assembler and the limitation to 'simple, repetitive, up to three-step tasks with no detailed work.'" ECF No. 13 at 3. Plaintiff failed to address this argument in detail in the remainder of his brief. However, since the case is being remanded for the ALJ to readdress the medical source statements and Plaintiff's symptom statements, this will result in new step four and five determinations. Thus, addressing the issue. Additionally, as part of the remand, the ALJ will call a vocational expert to testify at a new hearing.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*,

888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to address the medical source opinions in the file and Plaintiff's symptom statements. Additionally, the ALJ will supplement the record with any outstanding evidence and call a medical, a psychological, and a vocational expert to testify at the hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

1       The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED February 20, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE